UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL E. MEGGINSON,

           Plaintiff,

– against –

THE CITY OF NEW YORK and JOHN DOE,

           Defendant.

**ORDER**

18 Civ. 6433 (ER)

RAMOS, D.J.:

On July 17, 2018, Michael Megginson, *pro se*, filed this personal injury action against the City of New York and a John Doe Defendant for injuries sustained while incarcerated. Doc. 2. On August 1, 2018, the Court issued a *Valentin* Order directing the City to identify the John Doe Defendant and Plaintiff to file an amended complaint within thirty days of the City's disclosure of the John Doe Defendant's identity. Doc. 7 at 4. On October 1, 2018, the City identified the John Doe Defendant as Correction Officer Victor Yang. Doc. 10. Plaintiff never filed an amended complaint. On January 16, 2019, Plaintiff wrote to the Court explaining that he was being transferred to a different correctional facility and would write to the Court with his new address. Doc. 14. Since then, Plaintiff has not contacted the Court. On December 1, 2020, the Court issued an order for Plaintiff to show cause why the Court should not dismiss this action for failure to prosecute by December 14, 2020. Doc. 15. The Court specifically warned that "[f]ailure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)." *Id.* Because Plaintiff has neither responded to the Court's most recent order, nor been in contact with the Court for over two years, the Court dismisses this case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**I.     Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  When weighing these factors, "[n]o single factor is generally dispositive."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**II.    Discussion**

This case satisfies each *LeSane* factor supporting dismissal.  *First*, Plaintiff's delay of over two years weighs in favor of dismissal.  *Chappell v. City of Peekskill*, No. 18 Civ. 5901 (PMH), 2020 WL 6947427, at *3 (S.D.N.Y. Nov. 25, 2020) (finding "inexcusable" that "Plaintiff has not complied with the Court's directives and, based upon the docket, has not taken any steps to advance this matter in more than two years"); *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (dismissing under Rule 41(b) where "Plaintiff has not responded to the Court's Orders or otherwise communicated an intention to participate in this case for more than two years").

*Second*, Plaintiff had notice that this case would be dismissed if he failed to comply with Court orders.  The Court specifically warned Plaintiff that "[f]ailure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)."  Doc. 15.

*Third,* prejudice may be presumed from Plaintiff's silence over the last two years.

*Chappell*, 2020 WL 6947427, at *3 (citation omitted); *Honsaker*, 2020 WL 6082094, at *3 (citation omitted).

*Fourth*, Plaintiff has not seized his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker*, 2020 WL 6082094, at *3 (citations omitted).

*Fifth*, weaker sanctions cannot remedy Plaintiff's absence and unresponsiveness. Dismissal is appropriate where, as here, Plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020).

For all of these reasons, the Court dismisses Plaintiff's case with prejudice. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to close the case.

It is SO ORDERED.

Dated: April 6, 2021
       New York, New York

                                                              EDGARDO RAMOS, U.S.D.J.